### FRANK MISHER v. THE STATE.

#### No. 381.     Decided March 2, 1910.

**Local Option—Felony—Misdemeanor—Jurisdiction.** ·

The Act of the Thirty-first Legislature, providing a felony punishment for a violation of the local option law, does not apply to territory theretofore adopting the local option law; and the District Court has no jurisdiction in such event and the case must be tried in the County Court.

Appeal from the District Court of Uvalde. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Martin, Old & Martin* and *Jno. W. Hill,* for appellant.—Cited Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101; McElroy v. State, 39 Texas Crim. Rep., 529; Ex parte Elliott, 44 Texas Crim. Rep., 575; Ex parte Bains, 45 S. W. Rep., 24; Ex parte Fields, 86 S. W. Rep., 1022; Oxley v. Allen, 107 S. W. Rep., 945; Ex parte

Heyman, 78 S. W. Rep., 349; Ex parte Mills, 79 S. W. Rep., 555; Rippey v. State, 193 U. S., 504.

*John A. Mobley,* Assistant Attorney-General, for the State.—City of Evansville v. State, 118 Ind., 426; Cooley on Const. Limit., 7th Ed., 141 and 164; Black on Intox. Liquors, p. 57; Lock's Appeal, 72 Pa. St., 491; Ex parte Mato, 19 Texas Crim. App., 112; Ex parte Dupree, 105 S. W. Rep., 349; Clopton v. State, 105 S. W. Rep., 994; Walton v. Greenwood, 60 Me., 356; Brig Aurora v. U. S., 7 Cra., 382; Baltimore v. Clunett, 23 Md., 449; Lothrop v. Stedman, 42 Conn., 583; Burlington v. Leebrick, 43 Ia., 252.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the District Court of Uvalde County, on October 14, 1909, finding appellant guilty of selling intoxicating liquors in said county in violation of law, and assessing his · punishment at confinement in the State penitentiary for a term of one year. Under the holding of this court in the case of Lewis v. State, this day decided, the District Court has no jurisdiction of this offense, and it follows that the judgment of conviction must be and is hereby reversed and remanded with instructions to the District Court to certify the case to the County Court of Uvalde County to be there tried.

*Reversed and remanded.*

McCord, Judge, not sitting.
[Rehearing denied April 19, 1910.—Reporter.]